AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Miguel Angel Rogel-Anchundia<br>Jefferson Junior Arcentales-Franco<br>Jairo Gregorio Gonzalez-Ponce<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br><br>8:18mJ 2015 TGW |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 6, 2018__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b). | Conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and possession with intent to distribute five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Jennifer M. Doherty, Special Agent, DEA
Printed name and title

Sworn to before me and signed in my presence.

Date: Nov. 9, 2018

_____
Judge's signature

City and state: Tampa, Florida

Thomas G. Wilson, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT OF SPECIAL AGENT JENNIFER M. DOHERTY

Your affiant, Jennifer M. Doherty, being duly sworn, deposes and states the following:

### Introduction and Agent Background

1. I am a citizen of the United States, residing in Florida.

2. I am a Special Agent employed by the Drug Enforcement Administration (DEA). I have been so employed for approximately seventeen years.

3. Based on my training and experience as a Special Agent with DEA, I have conducted investigations concerning violations of Title 21, United States Code, Sections 959 and 960, which prohibit the production, transportation, importation, distribution and possession of illegal drugs, including cocaine, and violations of Title 46 Appendix, United States Code, Section 70503 (the Maritime Drug Law Enforcement Act), which prohibits drug trafficking on the high seas, including the possession with intent to distribute cocaine on vessels subject to the jurisdiction of the United States. Through these investigations, I have become familiar with the means and methods narcotics traffickers use to transport, import and distribute illicit drugs, as well as, the support and assistance that narcotics organizations require to conduct their illegal activities.

4. Since March of 2014, I have been assigned as a Special Agent to Operation Panama Express (North and South) Strike Force. Operation Panama Express is a federally approved Organized Crime Drug Enforcement Strike Force (OCDETF) investigation being conducted by the Drug Enforcement Administration

(DEA), the Federal Bureau of Investigation (FBI), Homeland Security Investigations (HSI), the United States Coast Guard (USCG), the Internal Revenue Service (IRS) and state and local law enforcement agencies. Investigations initiated by Operation Panama Express are prosecuted in the Middle District of Florida (Tampa Division). Special Agents assigned to Operation Panama Express currently investigate cocaine smuggling organizations that are responsible for the transportation of cocaine through international waters of the Caribbean Sea and Pacific Ocean (via vessel) to transshipment locations for later introduction and distribution to the United States.

### Statutory Authority

5. This affidavit is submitted in support of a criminal complaint and the issuance of arrest warrants for the following individuals:

(A) Miguel Angel ROGEL-Anchundia (Ecuadorian National)

(B) Jefferson Junior ARCENTALES-Franco (Ecuadorian National)

(C) Jairo Gregorio GONZALEZ-Ponce (Ecuadorian National)

who, beginning on an unknown date and continuing through on or about November 6, 2018, while onboard a vessel subject to the jurisdiction to the United States, did knowingly and willfully combine, conspire, and agree with each other and with other persons, to possess with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii); and while aiding and abetting each other and other

persons, did knowingly and intentionally possess with the intent to distribute five (5) kilograms or more of five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, while onboard a vessel subject to the jurisdiction to the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).

6. The information contained herein is either personally known to me or reliable information provided to me by other law enforcement officers with whom your Affiant has worked on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore, does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

## Probable Cause

7. The United States Coast Guard (USCG) has the authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce federal laws.

8. On November 6, 2018, while on routine patrol, in the Eastern Pacific Ocean, United States Coast Guard Cutter (CGC) JAMES launched the cutter's helicopter for a surface patrol and located a suspect go-fast vessel (GFV) approximately 235 nautical miles (NM) north east (NE) of the Galapagos Islands, Ecuador in international waters.

9. CGC JAMES was approximately 26NM from the GFV, diverted for intercept of the GFV. Based on numerous reasonable suspicion factors, JAMES requested and District 11 (D11) granted boarding of the GFV, suspected of drug smuggling, displaying no indicia of nationality, pursuant to international law. The helicopter embarked aboard JAMES observed and recorded persons onboard the GFV cutting numerous lines bearing packages attached to the GFV. The helicopter marked the jettison field, and employed warning shots and disabling fire. The GFV came dead in the water (DIW), and the helicopter returned to the cutter to refuel, while JAMES maintained visual of the GFV. JAMES launched their over the horizon boat (OTH), which recovered one (1) bale from the water while in route to the GFV, and took positive control of the GFV.

10. Additionally, JAMES launched a small boat to recover more bales from the jettison field. The law enforcement boarding team questioned the crew members on board the GFV which yielded three persons on board (POB), with Ecuadorian nationality, a vessel name of "EL CONDOR", no master, no claim of nationality for the vessel, two painted rectangular shapes described as "yellow over red over blue" on the vessels port/starboard quarters, and no other indicia of nationality. Based on these results, D11 granted a statement of no objection (SNO) to treat the vessel as without nationality and to conduct a full law enforcement boarding. Due to sea state, the three POB were transferred to JAMES for safety. JAMES boarding team reported 100% At Sea Space Accountability (ASSA) complete with no additional

4

contraband located and one SIM card recovered, and that the GFV was taking on water due to sea state. Based on no suitable tow points, the GFV taking on water from the sea state, and distance from land, D11 authorized JAMES to sink the vessel as a hazard to navigation.

11. The boarding team conducted two narcotics identification kit (NIK) tests for the contraband recovered from the jettison field, which yielded positive for cocaine. A total of 43 bales totaling in approximately 850 kilograms of cocaine was recovered, and D11 granted permission to treat the 3 POB as detainees.

12. The three (3) crewmembers of the vessel were subsequently identified as Miguel Angel ROGEL-Anchundia, Jefferson Junior ARCENTALES-Franco and Jairo Gregorio GONZALEZ-Ponce.

13. In summary, the aforementioned stateless GFV fits the profile of a smuggling vessel capable of traveling at a high rate of speed and thus was considered a favorable vehicle for drug smuggling operations. Based on my training and experience, this GFV is consistent in style, size, and propulsion to other such vessels frequently used to transport cocaine across international waters in the Eastern Pacific Ocean. The total value of the cocaine being smuggled on the GFV was at least $17 million. In my experience, drugs of this quantity and value are intended for large scale distribution. Furthermore, in my experience, drug smugglers would not allow an unknowing outsider onboard a vessel filled with approximately $17 million or more worth of contraband.

14. In this case, given the probable length of the voyage, the size of the contraband shipment, the necessarily close relationship between crew on a vessel of this size and type, the obviousness of the contraband, the suspicious behavior before apprehension (jettison of the contraband), there is probable cause to believe that the three (3) defendants named herein, while onboard a vessel subject to the jurisdiction of the United States, knowingly and willfully combined, conspired, and agreed with each other and with other persons to possess with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

15. Additionally, based on the above described facts, there is probable cause to believe that the three (3) defendants named herein, while aiding and abetting each other and other persons, knowingly and intentionally possessed with the intent to distribute five (5) kilograms or more of cocaine, while onboard a vessel subject to the

jurisdiction to the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).

Affiant declares under penalty of perjury that the foregoing is true and correct.

_____
Jennifer M. Doherty
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me this ___9th___ day of November, 2018.

_____
THOMAS G. WILSON
United States Magistrate Judge